UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HASPEL, L.L.C.**                                                                       **CIVIL ACTION**

**VERSUS**                                                                                   **NO. 12-520-JJB-RLB**

**NEEMA CLOTHING, LTD. and**
**BLUE LION APPAREL, L.L.C.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 17, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HASPEL, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO.  12-520-JJB-RLB** |
| **NEEMA CLOTHING, LTD. and BLUE LION APPAREL, L.L.C.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff Haspel, L.L.C.[1]  The motion is opposed by defendants Neema Clothing, Ltd. and Blue Lion Apparel, L.L.C.[2]  Based on the applicable law and the analysis which follows, the Motion to Remand should be granted.[3]

**Background**

Plaintiff Haspel, L.L.C., sued defendants Neema Clothing, Ltd. and Blue Lion Apparel, L.L.C.[4] in state court alleging that it is the owner of a registered trademark and related logos for

---

[1] Rec. Doc. 5

[2] Rec. Doc. 7.  Plaintiff also filed a reply memorandum (Rec. Doc. 10).  Defendants sought leave to file a "Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand" (Rec. Doc. 12).  Despite Plaintiff's opposition (Rec. Doc. 13), the court granted Defendant's motion for leave (Rec. Doc. 14) and Defendants' Supplemental Memorandum was entered into the record (Rec. Doc. 15).

[3] On February 21, 2013, Magistrate Judge Riedlinger issued a Report and Recommendation in a related case (*Haspel v. Samsung*, Civil No. 3:12-cv-00774-JJB-SCR, Rec. Doc. 11) involving the same plaintiff in this case, the same counsel of record for both the plaintiff and the defendants, and raising virtually the same jurisdictional issues.  On May 14, 2013, the court adopted Judge Riedlinger's report and remanded the action to state court on the ground that the amount in controversy did not exceed $75,000 (*Haspel v. Samsung*, Civil No. 3:12-cv-00774-JJB-SCR, Rec. Doc. 16).

[4] There is no dispute with regard to complete diversity: Plaintiff is a Louisiana limited liability company whose members are citizens of Louisiana; Neema Clothing, Ltd. is organized under the

1

clothing and accessories, home furnishings and other home products and accessories.  Plaintiff entered into a Master License Agreement with Neema Clothing, Ltd.  The agreement granted Neema a license to use and sub-license the use of Plaintiff's trademark in accordance with the terms of the Master License Agreement, with royalties to be paid to Plaintiff under the terms in the Master License Agreement.  Subsequently, Neema entered into an assignment and assumption of the license agreement with Blue Lion Apparel, LLC.  Neema assigned to Blue Lion its right to use and sub-license Plaintiff's trademark under the Master License Agreement, and Blue Lion assumed all of the duties owed to Plaintiff under the Master License Agreement.

    Plaintiff alleged that in August 2012 it made a formal request to Neema and Blue Lion to produce certain records it was required to provide under Section 5(d) of the Master License Agreement.  Plaintiff alleged further that all of the documents requested were within the scope of Section 5(d) and were necessary for it to properly determine the accuracy of the amount of royalties owed to it, and whether there has been any violation of the Master License Agreement.[5]  Plaintiff further alleges that despite its repeated requests, Neema and Blue Lion failed and/or refused to provide the records.  Therefore, Plaintiff sought various forms of injunctive and declaratory relief in its petition, asserting that Neema and Blue Lion's refusal to allow access to the requested documents may result in irreparable damage to its trademark and business, including "damage to business reputation, loss of business opportunities, and harm to competitive positions, which damages are not sufficiently compensated by monetary damages."[6]

---

laws of New York with its principal place of business in New Jersey; and the members of Blue Lion Apparel, L.L.C. are domiciled in New Jersey and Indiana. Rec. Doc. 1, Notice of Removal, ¶¶ 8-15, 22.
[5] Rec. Doc. 1-1, Petition for Preliminary and Permanent Injunction and/or for Declaratory Judgment and Damages ("Petition"), ¶¶ 13-16.
[6] Petition, ¶ 19.

According to Plaintiff, the documents are necessary for it to determine if there have been any violations of the agreements, and it sought an order enjoining Neema and Blue Lion's refusal to comply with Section 5(d), and a declaration that Neema and Blue Lion must make available for its immediate review: "(1) Tax Returns for years 2008-2011; (2) Financial Statements for 2008-2011 as prepared by both in house and outside CPA; (3) Customer List – all clothing lines; (4) Sales by Customer by clothing line; (5) License Agreements; (6) Access to sales invoices and vendor invoices; (7) General ledger for 2008-2011; (8) Accounts Receivable and Accounts Payable aging reports as of the end of the year (2008-2011); and (9) Copy of bank statements from 2008-2011."[7] Finally, Plaintiff prayed for any other relief to which it may be entitled, including but not limited to monetary damages caused by Neema and Blue Lion's refusal to comply with, and provide the documents required by, Section 5(d) of the Master License Agreement.[8] Plaintiff also reserved the right to seek supplemental relief based on the declaratory judgment sought.[9]

Neema removed the case to this court based on diversity jurisdiction,[10] and Blue Lion consented to removal.[11] After alleging the diversity of the parties,[12] Neema asserted that the following allegations in the petition reasonably appear to show that the value of the right to be protected by Plaintiff is in excess of $75,000: (1) the royalties annually paid to Plaintiff under the Master License Agreement exceed $75,000; (2) Plaintiff is challenging the royalties paid by Defendants pursuant to the Master License Agreement for a four year period; (3) Plaintiff seeks

---

[7] Petition, ¶ 24.
[8] Petition, ¶ 27.
[9] Petition, ¶ 25.
[10] Notice of Removal, ¶¶ 5-15, 22.
[11] Rec. Doc. 2.
[12] Notice of Removal, ¶¶ 8-15, 22.

any other relief, including but not limited to all monetary damages resulting from Defendants' refusal to make the books and records available; and, (4) given Plaintiff's failure to allege that the amount in controversy is less than $75,000 as stated in Louisiana Civil Code article 893(A)(1), Plaintiff's allegations amount to an indeterminate request for an unlimited request for damages given Louisiana law on the pleading/recovery of damages.[13]  Neema asserted that the amount in controversy requirement is satisfied and that Plaintiff has the burden to demonstrate 'to a legal certainty that the claim is really for less than the jurisdictional amount.'"[14]

       Plaintiff moved to remand and argued that Neema failed to demonstrate that the suit involves an amount in controversy that satisfies the requirement for diversity jurisdiction. Plaintiff argued that it is apparent the object of the suit is to obtain an injunction and declaration ordering Neema and Blue Lion to make the information and documents available for its review as required by Section 5(d) of the Master License Agreement.  Plaintiff argued further that the only prayer for monetary damages in the petition is found in paragraph 27, which requests monetary damages caused by Neema and Blue Lion's refusal to provide the records.  According to Plaintiff, without any claim for a specific amount of damages, it is not facially apparent from these allegations that the amount in controversy exceeds $75,000.

       Plaintiff acknowledged that the primary reason for the suit was to obtain the records for an audit to determine whether royalties have been underpaid, but asserted that the petition does not contain a claim for underpayment of royalties.  Finally, Plaintiff argued the fact that it may assert this type of claim in the future, or reserved the right to seek supplemental relief based on a

---

[13] Notice of Removal, ¶¶ 26-34.
[14] Notice of Removal, ¶ 35 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

declaratory judgment, does not change the fact that at the time of removal the amount in controversy requirement was not met.

In its opposition to the Motion to Remand, Defendants argued that it is facially apparent that Plaintiff's claims exceed the jurisdictional amount. Defendants essentially relied on the same allegations cited above that were made in its Notice of Removal. Defendants' principle argument is that the object of the litigation is the royalty payments owed under the Master License Agreements. Therefore, Defendants maintained, the amount in controversy is satisfied because royalties for four years are at issue, and the annual royalties exceed $75,000. Defendants argued that the required amount is easily satisfied when this amount is combined with the other relief sought by Plaintiff (damages caused by Neema and Blue Lion's refusal to provide documents and information, and damages to Plaintiff's business reputation/opportunities), and Plaintiff's failure to deny in its petition or Motion to Remand that the amount of its claim is greater than $75,000.

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

When a declaratory judgment action filed in state court is removed to federal court, that action is, in effect, converted into one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *Disanti v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3338633 (E.D. Tex. Aug. 24, 2010); *Little Giant Mfg. Co. v. Chromalox Indus.,* 1996 WL

363026 (E.D. Tex. June 26, 1996).[15]  The federal Declaratory Judgment Act states in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).  Thus, § 2201 does not expand the jurisdiction of the federal courts or create substantive rights.  It is only a procedural device that enhances the remedies available in the adjudication of a case or controversy.  *In re Asbestos Litigation*, 90 F.3d 963, 991 (5th Cir. 1996), *vacated and remanded on other grounds sub nom. Ortiz v. Fibreboard Corp.,* 521 U.S. 1114 (1997).

The amount in controversy in an action for declaratory or injunctive relief is measured by the value of the object of the litigation.  Stated another way, the amount in controversy in an action for declaratory or injunctive relief is the value of the right to be protected or the extent of the injury to be prevented.  *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages,[16] the Fifth Circuit has established a framework for resolving disputes over the amount

---

[15] *See* 14C Wright, Miller, Cooper & Steinman, *Federal Practice and Procedure*, § 3738, pp. 695-98 (4th ed. 2009)(removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters).

[16] Louisiana Civil Code article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."  Plaintiff did not allege that their claim was for less than the required jurisdictional amount.  While this factor supports finding that Plaintiff's claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence.  *See Weber v. Stevenson*, 2007 WL

in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases, the removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts—preferably in the removal petition, but sometimes by affidavit—which support finding that the required amount is present. *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002).[17]

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the court of

---

4441261, at *4 (M.D. La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127, at *2 (E.D. La. July 18, 2011).

[17] *See also* 28 U.S.C. § 1446(c)(2) (considering state practice for pleading a specific sum of damages for purposes of evaluating a defendant's assertion of the amount in controversy in notice of removal). 28 U.S.C. § 1446(c), as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112–63, 125 Stat. 758 (2011), provides:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—(A) the notice of removal may assert the amount in controversy if the initial pleading seeks—(i) nonmonetary relief; or (ii) *a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded*; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2) (emphasis added). The new provision of Section 1446 is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages. *See Firmin v. Richard Const., Inc.*, 2012 WL 5332998 (E.D. La. Oct. 26, 2012); *Wright Family Investments, LLC v. Jordan Carriers, Inc.*, 2012 WL 2457664 (W.D. La. June 25, 2012).

jurisdiction. *Id*.; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A*., 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041 (1994). However, post-removal affidavits, stipulations, and amendments may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883; *ANPAC*, 988 F.2d at 565. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938); *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1412 (5th Cir. 1995).

Plaintiff moved for an award of attorney's fees under 28 U.S.C. § 1447(c). There is no automatic entitlement to an award of attorney fees under § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *e.g.*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 141.

The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993); *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

## Analysis

Defendants' arguments in support of removal are unpersuasive. If the object of the litigation is characterized simply as Plaintiff's effort to enforce its contractual right to examine Neema and Blue Lion's books, Defendants failed to point to allegations or facts that indicate the value of this right. If, as both sides acknowledge, the object is to obtain records so that Plaintiff can conduct an audit to accurately determine the amount of royalties owed and whether there has been an underpayment, the value of the unpaid royalties Plaintiff is seeking to collect is not facially apparent. Neema alleged in paragraph 28 of the Notice of Removal that the annual amount of royalties paid to Plaintiff exceed $75,000. In their opposition, Defendants stated that Plaintiff does not dispute this allegation.[18] Accepting this as true, however, does not satisfy Defendants' burden of establishing the required jurisdictional amount. Plaintiff is not seeking to recover the amount of royalties actually paid to it—instead, Plaintiff seeks to recover the amount of royalties owed but not paid. Obviously, any underpaid royalties are not included in the yearly amounts paid. Thus, it would not be accurate to determine the value of underpaid royalties based

---

[18] Rec. Doc. 7, at 5.

only on the annual royalty payments.  There are no allegations or facts indicating what amount of royalties have not been paid under the agreements.[19]  To come up with some amount or percentage based on the $75,000 annual royalty figure would be pure speculation.

Defendants' position also is not aided by the fact that Plaintiff seeks unspecified monetary damages for the refusal to provide the records, possible business losses or supplemental relief.  No facts are alleged, provided or even suggested by Defendants to estimate the amount of these damages.  Ultimately, the only fact supporting Neema's removal is that Plaintiff did not include in its petition a Louisiana Civil Code article 893(A)(1) allegation that its claim is for less than $75,000.  This fails to carry Defendants' burden of proving by a preponderance of the evidence that the jurisdictional amount is satisfied.

Plaintiff also moved for imposition of attorney's fees under 28 U.S.C. § 1447(c).  The record establishes that Plaintiff is entitled to an award of fees under the statute.  At the time of removal, Neema did not have an objectively reasonable basis to remove the suit.  As explained above, while it was apparent that the object of the suit was to obtain documents to determine the accuracy of the royalties owed, it was not facially apparent that the amount of potential underpaid royalties or other relief sought exceeded $75,000.  It was not objectively reasonable for Neema to merely rely on the annual amount of royalties actually paid, without any allegations or facts to show how this figure could be used to calculate the amount of unpaid royalties that might actually be in dispute.  Nor was it objectively reasonable for Neema to rely on the absence

---

[19] In their Supplemental Memorandum, Defendants provide additional facts regarding an alleged audit by Plaintiff at Blue Lion Apparel, L.L.C.'s offices in Bayonne, New Jersey; however, they do not allege or provide any facts indicating the value of underpaid royalties that may have been determined in those audits (Rec. Doc. 15, at 5-6).

of an Article 893 allegation and the possibility that Plaintiff might seek additional relief in the future to carry its burden of establishing the jurisdictional amount.

Plaintiff suggested that an award of $2,000 in fees and costs would be appropriate. Yet, Plaintiff did not provide any documentation to support an award of this amount, and a review of the motion and memoranda does not support a finding that such an award would be reasonable. Review of the record, however, would support requiring Neema to pay just costs and attorney's fees incurred as a result of the removal in the amount of $1,000.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Haspel, L.L.C. be granted.

It is further recommended that under 28 U.S.C. § 1447(c) defendant Neema Clothing, Ltd. be ordered to pay to plaintiff Haspel, L.L.C. fees and costs incurred as a result of the removal in the amount of $1,000, within such time as the court may direct.

Signed in Baton Rouge, Louisiana, on June 17, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**